**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN MONAGHAN, an individual, | No. 14-56279 |
| Plaintiff - Appellee, | D.C. No. 2:13-cv-00646-ABC-PLA |
| v. | |
| TELECOM ITALIA SPARKLE OF NORTH AMERICA, INC., a New York Corporation, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted February 10, 2016
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

This is an appeal from a judgment entered in a suit by Plaintiff-Appellee

Kevin Monaghan ("Monaghan") against Defendant-Appellant Telecom Italia

Sparkle of North America ("TISNA") for wrongful termination, willful

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

misclassification, and several additional violations of California labor law.  On appeal, TISNA asserts a number of legal errors at various stages of these proceedings.  For the reasons set forth herein, we affirm in part and reverse and remand in part.

**A.      Summary Judgment**

We review *de novo* a district court's grant of summary judgment and may affirm on any ground in the record.  *Olson v. Morris*, 188 F.3d 1083, 1085 (9th Cir. 1999).  We agree with TISNA that the district court erred in granting summary judgment to Monaghan on his claim that he was contractually entitled to the dollar equivalent of 7,100 euros in canvass bonus compensation.  The district court ignored evidence demonstrating a genuine issue of material fact.  *See* Fed. R. Civ. Proc. 56(a).  In opposing Monaghan's motion for summary judgment, TISNA offered an email from Vincent Suppa ("Suppa") to Monaghan dated August 8, 2011 that purported "to serve as an addendum to [Monaghan's original] contract" and provided for a "canvass bonus" of 7,100 *dollars*.  The contrary evidence offered by Monaghan (a one-page document signed by Monaghan on August 9, 2011, which provided for a canvass bonus of 7,100 *euros* and deposition testimony from TISNA executives that they understood the August 9, 2011 document to provide for payment in euros) did not compel a finding in Monaghan's favor as a

matter of law because it did not conclusively resolve the factual discrepancy as to *which document* reflected the correct terms of the parties' contract. Neither document was a fully integrated contract. We therefore conclude that the parties' contract was ambiguous as to how the canvass bonus was to be calculated. *See Benach v. Cnty. of Los Angeles*, 57 Cal. Rptr. 3d 363, 373 (Cal. App. 2007) ("The initial question of whether an ambiguity exists is one of law."). Resolution of this ambiguity will, under California law, turn on the credibility of conflicting extrinsic evidence as to the parties' intent. Thus, both documents, along with any other evidence of the parties' intent, should be submitted to a trier of fact. *Id.*[1]

We accordingly <u>reverse</u> the district court's grant of summary judgment to Monaghan on his canvass bonus claim, <u>vacate</u> the award of $2,606.75 in unpaid canvass bonus compensation to Monaghan, and <u>remand</u> for a trial on this issue.

We also hold that the district court committed legal error in granting summary judgment to Monaghan on his California Business and Professions Code

---

[1]Monaghan's objections to TISNA's evidence on appeal lack merit. There is no evidence in the record that Monaghan objected to the authenticity of the August 8, 2011 email before the district court, and a failure to challenge the authenticity of evidence operates to waive such objection on appeal. *See, e.g.*, *Reynolds v. Boeing Co.*, No. 2:15-CV-2846-SVW-AS, 2015 WL 4573009, at \*6 n.6 (C.D. Cal. July 28, 2015). Moreover, the record shows that TISNA submitted the August 8, 2011 email and attachment as Exhibit 7 to its Notice of Lodgment in opposition to Monaghan's motion for summary judgment. Thus, Monaghan's argument that the conflicting evidence was not properly before the district court lacks merit.

§ 17200 ("UCL") claim on the basis of TISNA's conceded violation of California Labor Code § 226 (requiring employers to provide periodic wage statements).[2] Section 226 cannot—as a matter of law—provide the basis for a § 17200 claim because § 226 does not provide for restitution. *See, e.g.*, Cal. Labor Code § 226 (providing only statutory penalties); *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 946 (Cal. 2003) (explaining that penalty provisions, like § 226, cannot be enforced through § 17200, which permits a violation of another law to be actionable as an "unfair competitive practice" only if the remedy sought is equitable in nature); *see also Cortez v. Purolator Air Filtration Products Co.*, 999 P.2d 706, 712 (Cal. 2000).

Nonetheless, we <u>affirm</u> the district court's grant of summary judgment to Monaghan on his § 17200 claim for two reasons. First, the district court *properly* granted summary judgment to Monaghan on his California Labor Code § 212 claim. *See* Cal. Labor Code § 212(a)(1) (requiring an employer to pay wages earned "without discount"). Because this finding entitled Monaghan to restitution

_____

[2] The panel rejects TISNA's argument that the UCL permits only class actions as an incorrect reading of § 17203. In context, it is clear that § 17203's reference to class actions is permissive—not mandatory. Indeed, the fact that California courts have routinely *permitted* individual actions under the UCL, *see, e.g.*, *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 959 (Cal. 2003), belies TISNA's reading of the statute.

of all transfer fees incurred by Monaghan in receiving his paychecks (a restitutionary remedy), it entitled Monaghan to judgment as a matter of law on his derivative § 17200 claim as well. *See Cortez*, 999 P.2d at 715–16. Second, the jury found that Monaghan was entitled to benefits and wages unlawfully withheld by means of TISNA's misclassification of Monaghan as an independent contractor. The payment of wages unlawfully withheld from an employee is also a restitutionary remedy, and thus compels a finding in Monaghan's favor on his § 17200 claim. *See id.*

## B. Alleged Errors at Trial

This court "review[s] evidentiary rulings for abuse of discretion and reverse[s] [only] if the exercise of discretion [was] both erroneous and prejudicial." *Wagner v. Cty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013).

We hold that the district court did not err in ordering a read-back of Suppa's trial testimony in response to the jury's question. Even if TISNA is correct that the jury requested only Suppa's deposition testimony, the trial testimony *included* portions of Suppa's deposition testimony and was therefore responsive. In any event, the judge's conclusion that the trial testimony was responsive to the jury's request was a reasonable interpretation of the jury's note. But even if the read-back was permitted in error, TISNA suffered no prejudice because the judge

granted both mitigation measures requested by TISNA: She ordered all forty pages

of Suppa's trial testimony be read back to give "context," and admonished the jury

multiple times against placing undue emphasis on that testimony. *See United*

*States v. Newhoff*, 627 F.3d 1163, 1168 (9th Cir. 2010).

Nor did the district court abuse its discretion in admitting into evidence the

one-page summary of a damage report prepared by Monaghan's damage expert

(the "Summary"). At trial and on appeal, TISNA primarily objects to the

admission of the Summary into evidence on hearsay grounds.[3] However, the

Summary was not hearsay because (a) the expert fully discussed its contents during

her testimony on direct examination; and (b) the expert was subject to cross-

examination as to the contents of the Summary. TISNA failed to object that the

Summary was cumulative of the expert's trial testimony or more prejudicial than

---

[3] We note that TISNA is correct that the Summary was not admissible under Federal Rule of Evidence ("FRE") 1006, which permits a "proponent [to] use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. Monaghan's argument to the contrary overlooks that summaries are admissible under FRE 1006 only if "the underlying materials upon which the summary is based are admissible in evidence." *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984). Monaghan makes no argument (nor could he) that the underlying expert report was admissible; he therefore cannot show a necessary predicate to admissibility of the Summary under FRE 1006. Nevertheless, we hold that FRE 1006 is inapposite because the Summary was no longer hearsay after the expert testified to its contents in court and was subject to cross-examination.

probative (FRE 403).  We therefore find no basis upon which to hold that the district court abused its discretion in admitting the Summary.  *See United States v. Anekwu*, 695 F.3d 967, 981–82 (9th Cir. 2012) (explaining that a district court has "discretion" under FRE 611(a) to admit into evidence summaries of "material[s] already in evidence").

In sum, we find no error in the district court's evidentiary rulings at trial.

## C.   TISNA's Rule 50 Motions

Denials of a party's Rule 50 motion for judgment as a matter of law are reviewed *de novo*.  *First Nat'l Mortg. Co. v. Fed. Realty Inv. Trust*, 631 F.3d 1058, 1067 (9th Cir. 2011).  However, we may reverse only if the evidence would permit "a reasonable jury to reach only one conclusion"—that the nonmoving party failed to offer evidence sufficient to support an essential element of his case.  *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1192 (9th Cir. 2015); *see also* Fed. R. Civ. P. 50.  In making this determination, we must view the evidence in the light most favorable to the party in whose favor the jury returned a verdict (here, Monaghan) and draw all reasonable inferences in that party's favor.  *Lakeside-Scott v. Multnomah Cty.*, 556 F.3d 797, 802 (9th Cir. 2009).

The district court properly denied TISNA's Rule 50 motions on the issue of Monaghan's entitlement to residual commissions.  Even if TISNA is correct that

the $16,250 in quarterly incentive compensations that Monaghan earned throughout his employment with TISNA were "bonuses," and not "commissions" within the meaning of California Labor Code § 204.1, TISNA has failed to explain or to cite any authority—at any stage in this proceeding—as to *why* that classification entitles TISNA to judgment as a matter of law.  On the contrary, California law appears to treat "commissions" and "bonuses" equally; both are recoverable as "wages" under California Labor Code § 200 and as damages for wrongful termination if not too speculative.  *See, e.g.*, *Bihun v. AT&T Info. Sys., Inc.*, 16 Cal. Rptr. 2d 787, 798 (Cal. App. 1993) (affirming a judgment in favor of an employee that included damages for lost future <u>bonus</u> payments, on the basis that the employee had consistently received a bonus from her former employer), *disapproved of on other grounds (relating to prejudgment interest) by Lakin v. Watkins Associated Indus.*, 25 Cal. Rptr. 2d 109 (Cal. 1993).  We accordingly <u>affirm</u> the district court's denial of TISNA's Rule 50 motions on the issue of residual commissions.

On the other hand, we agree with TISNA that the district court erred in denying TISNA's Rule 50 motions on the issue of Monaghan's entitlement to "accelerator" or "multiplier" compensation.  The parties' written contract unambiguously stated that Monaghan was *not* entitled to any accelerator.  The

contract also provided that all modifications must be in writing. In these circumstances, Monaghan could prevail on his accelerator claim only by showing the existence of a valid, *executed* oral modification of his contract. *See* Cal. Civ. Code § 1698(b)–(c); *Kelley v. R.F. Jones Co.*, 77 Cal. Rptr. 170, 173 (Cal. App. 1969) (holding that an executed oral modification of a written contract is binding, even if the contract expressly provides that it can be modified only in writing); *Raedeke v. Gibraltar Sav. & Loan Assoc.*, 517 P.2d 1157, 1162 (Cal. 1974); *see also* Cal. Civ. Code § 1661.

But Monaghan admitted at trial that there had been "[n]o executed amendment" entitling him to an accelerator. In light of this uncontradicted evidence,[4] no reasonable jury could find that Monaghan was entitled to accelerator

---

[4]We acknowledge that Monaghan also testified briefly that TISNA "offered" him an accelerator during group meetings. But that testimony, *at best*, supports an inference that *one* element of contract formation (offer) may have been satisfied. In light of Monaghan's uncontroverted admission that no "executed" contract entitling him to an accelerator was ever formed, Monaghan's inconsistent testimony was insufficient as a matter of law to support a finding of contract formation.

compensation.[5] We accordingly <u>reverse</u> the district court's order denying TISNA's Rule 50 motions for judgment as a matter of law on Monaghan's accelerator claim.

**D. TISNA's Motion for a New Trial**

A district court's denial of a motion for a new trial under Federal Rule of Civil Procedure 59(a) is reviewed for abuse of discretion and may be reversed "only if the record contains no evidence in support of the verdict," and the error is such that "the trial was not fair to the party moving." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007).

We hold that TISNA's motion for a new trial should have been granted in part because there was "no evidence" at trial to support the jury's damage award of $335,000 on Monaghan's willful misclassification claim. Even using the damage

---

[5]The rest of Monaghan's arguments lack merit. First, there is nothing ambiguous about the directive, "no accelerator." Second, that Monaghan "should have been" classified as an "employee" is irrelevant to whether he was entitled to an accelerator. Had Monaghan been classified as an employee, it would not have been unlawful for TISNA to offer him a different compensation package than the company offered its New York-based employees. It is therefore pure speculation that Monaghan's contract would have provided for an accelerator. Third, the contract's unlawful classification of Monaghan as an independent contractor had no bearing on the contract's "no accelerator" provision, which was perfectly valid under California law. *Cf.* Cal. Civ. Code § 1670.5, cmt. 2; *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 696 (Cal. 2000) ("If the illegality [of a contract] is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate.").

-10-

figures to which Monaghan's own expert testified, the *most* the jury could have awarded Monaghan consistent with the evidence at trial was $176,765. The difference between this figure and the amount actually awarded cannot be justified as compensating Monaghan for unpaid accelerator compensation because, as explained above, no reasonable jury could have found in Monaghan's favor on the accelerator issue given the evidence presented at trial. Nor can the difference be explained as attributable to non-economic damages, since the jury expressly awarded Monaghan $0 in non-economic losses. Finally, the difference cannot be justified as including some amount for "residual commissions," because the damages awarded on Monaghan's wrongful termination claim already compensated Monaghan for future wages lost as a result of Monaghan's termination from TISNA—including lost *commission* wages. To award damages for those commissions *again* on Monaghan's misclassification claim would be double-counting. In sum, "the record contains no evidence" to support the jury's verdict to the extent it exceeded $176,765. For obvious reasons, therefore, the jury's award of $335,000 rendered the trial unfair to TISNA as to damages.

We accordingly <u>reverse</u> the district court's order denying TISNA's motion for a new trial. We order that TISNA's motion for a new trial be <u>granted in part</u>, as to (a) Monaghan's claim for $2,606.75 in additional canvass bonus compensation,

and (b) damages on Monaghan's willful misclassification claim. Alternatively, and in lieu of granting a new trial, the district court may issue a remittitur reducing the total damage award to $1,072,351.60 (a reduction of $160,841.75).[6] Should the court decide instead to order a new trial on the limited issues set forth above, Monaghan shall be precluded from introducing any evidence relating to his claims for an accelerator or for residual commissions.[7]

## E.    The Attorneys' Fees Award

The district court relied on the fee-shifting provision of the Private Attorneys General Act of 2004 (the "PAGA"), *see* Cal. Labor Code § 2699(g), to award attorneys' fees to Monaghan on his wrongful termination and "inextricably intertwined" statutory violation claims. TISNA argues (correctly, for the reasons

---

[6] This number includes a reduction for the difference between the damages awarded on Monaghan's misclassification claim ($335,000) and the maximum damage award that the evidence at trial could have supported ($176,765). The difference between these figures is $158,235. We add the $2,606.75 improperly awarded based on the court's erroneous grant of summary judgment to Monaghan on his canvass bonus claim, resulting in a total remittitur of $160,841.75.

[7] For the reasons previously explained herein, no figures attributable to those claims could, consistent with the evidence presented at trial and with the jury's damage award on Monaghan's wrongful termination claim, be included in any damage award for wrongful misclassification.

-12-

set forth below) that this was legal error because the PAGA applies only to employee suits brought in a *representative* capacity.[8]

California courts have never squarely addressed whether PAGA's fee-shifting provision, specifically, may be invoked by a claimant suing only on his own behalf. Yet courts have time and again reiterated that the PAGA creates only a *representative* right of action. *See, e.g.*, *Reyes v. Macy's, Inc.*, 135 Cal. Rptr. 832, 835–36 (Cal. App. 2011) (holding that a PAGA claim did not fall within the scope of an arbitration clause requiring arbitration of all "individual" claims because, as a matter of law, a "plaintiff may not . . . bring the PAGA claim as an individual claim"); *see also Williams v. Superior Court*, 188 Cal. Rptr. 3d 83, 87 (Cal. App. 2015) ("[A] PAGA claim is not an individual claim . . . ."); *Ortiz v. Hobby Lobby Stores, Inc.*, 52 F. Supp. 3d 1070, 1088 (E.D. Cal. 2014) ("[O]nly representative PAGA actions fulfill the purpose of the statute [referring to the PAGA]."). Indeed, Monaghan has not cited a single case that permitted a PAGA

---

[8] Because this is a purely legal question, we review *de novo* the availability of PAGA's fee-shifting provision and the district court's award of attorneys' fees on that basis. *See Berkla v. Corel Corp.*, 302 F.3d 909, 917 (9th Cir. 2002).

claim to be brought in an individual capacity, much less that awarded attorneys'

fees.[9]

The conclusion that PAGA applies only to representative actions is

consistent with the text of the PAGA:

> Any provision of [the California Labor Code] that provides for a civil penalty to be assessed [by a government agency] . . . may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself *and other current or former employees . . . .*"

Cal. Labor Code § 2699(a) (emphasis added).  Similarly, PAGA's fee-shifting

provision itself states:

> [A]n aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself *and other current or former employees* against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs.

Cal. Labor Code § 2699(g) (emphasis added).

To reach a contrary conclusion, the district court reads the reference to "any

action" in the last sentence quoted above out of context to include individual

actions.  But read in light of the immediately preceding sentence, as well as the

PAGA as a whole, the reference to "any action" upon which the district court relied

---

[9] *Arias v. Superior Court*, 209 P.3d 923 (Cal. 2009) (cited by Monaghan) merely held that *representative* actions under the PAGA need not satisfy *class action* requirements. *Id.* at 926.

-14-

is most reasonably construed as referring to "any *[PAGA]* action"—which, by its nature, must be a representative action.

In sum, we construe California Labor Code § 2699(g) (PAGA's fee-shifting provision) as applying only to representative actions. We hold that it was therefore error to award all the attorneys' fees Monaghan requested on his wrongful termination and related statutory violation claims—most of which appear to have been brought in Monaghan's individual capacity only.[10] This error was compounded by the district court's failure to apportion its attorneys' fees award amongst Monaghan's many claims, some of which have been resolved in *TISNA's* favor and thus cannot provide the basis for a fee award to Monaghan.

Accordingly, we <u>vacate</u> and <u>remand</u> the district court's fee award for recalculation in light of this court's opinion. We note that we find no error in the district court's award of attorneys' fees under California Labor Code § 218.5 on Monaghan's claim for unpaid wages due to misclassification. Moreover, we acknowledge that there may well be other valid bases for granting attorneys' fees

---

[10] Of course, to the extent Monaghan brought claims for recovery of statutory penalties *payable to the State of California* (for example, the $7,500 in statutory penalties recovered for the State), PAGA's fee-shifting provision would be available. But, again, any such fee award must be made, if at all, for services rendered by counsel as to claims in which Monaghan acted in a representative capacity, and prevailed thereon.

-15-

on some or all of the claims on which Monaghan prevailed. However, we instruct the district court to consider each claim separately to determine whether there exists a valid legal basis upon which to award fees.

## F.    Conclusion

For the reasons set forth herein, we reverse the district court's grant of summary judgment to Monaghan on his canvass bonus claim; we vacate the jury's damage award on Monaghan's willful misclassification claim; we reverse the district court's denial of TISNA's Rule 50 motions on the issue of Monaghan's entitlement to an accelerator; and we remand for a new trial on the issue of Monaghan's entitlement to additional canvass bonus compensation and for recalculation of damages on Monaghan's misclassification claim, or, in the alternative, for a remittitur reducing the total damage award by $160,841.75 to $1,072,351.60. Finally, we vacate the district court's attorneys' fees award and remand for recalculation of fees consistent with our opinion. We affirm the district court's judgments and the jury's verdict in all other respects.

Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**