Filed 5/13/16  Altman v. SolarCity Corp. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DANIEL ALTMAN, | D067582 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2014-00023450-CU-OE-CTL) |
| SOLARCITY CORPORATION, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Affirmed.

Morgan Lewis & Bockius, Thomas M. Peterson, Deborah E. Quick, Melinda S. Riechert and Michael D. Schlemmer, for Defendant and Appellant.

Blumenthal, Nordrehaugh & Bhowmik, Norman B. Blumenthal and Kyle R. Nordrehaug, for Plaintiff and Respondent.

Daniel Altman sued his former employer, SolarCity Corporation (SolarCity), for claims related to a variety of alleged Labor Code violations.  Altman filed his action as a putative class action and also pursued representative relief under the Private Attorney General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.).  Based on an arbitration

agreement, SolarCity moved to compel arbitration of Altman's individual claims, dismiss the class claims, and stay the PAGA claim until resolution of the individual claims and Altman's status as an "aggrieved employee" for PAGA purposes. The trial court denied SolarCity's motion, concluding the entire arbitration agreement was unenforceable. SolarCity appeals, contending the trial court erroneously invalidated the arbitration agreement by construing it as barring PAGA claims and finding the PAGA waiver was not severable from the rest of the agreement. SolarCity also argues the court should enforce Altman's agreement to arbitrate his individual claims and his status as an "aggrieved employee" because arbitration of these matters is authorized by the Federal Arbitration Act, arbitration of whether Altman was an "aggrieved employee" is proper because it is relevant to whether he has standing to sue as a PAGA representative, and the PAGA does not preclude arbitration of "aggrieved employee" status. Lastly, SolarCity contends the trial court should have stayed the litigation of Altman's class and representative claims pending resolution of the matters he agreed to arbitrate. We conclude the arbitration agreement included a PAGA waiver, which could not be severed from the rest of the agreement and rendered the entire agreement unenforceable. Thus, we need not address SolarCity's remaining contentions.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2013, Altman began working for SolarCity as a field energy advisor. As a condition of his employment, he signed an At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement (the Arbitration Agreement). The Arbitration Agreement "applie[d] to any dispute arising out of or

2

related to Employee's employment." Paragraph 12(A) of the Arbitration Agreement set forth its scope. In that regard, it stated:

> "Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law, and therefore this Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial. Such disputes include without limitation, disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of the Agreement or any portion of the Agreement. . . . *[P]rivate attorney general representative actions are not covered within the scope of this Agreement and may be maintained in a court of law, but an Employee may seek only in arbitration individual remedies for himself or herself under any applicable private attorney general representative action statute, and the arbitrator shall decide whether an Employee is an aggrieved person under any private attorney general statute.*" (Italics added.)

Paragraph 12(D) set forth a class and representative action waiver:

> "[T]here will be no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action ("Class Action Waiver"), or in a representative or private attorney general capacity on behalf of a class of persons or the general public. Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a class or collective action, or in a representative or private attorney general capacity on behalf of a class of persons or the general public. . . ."

Paragraph 12(H) of the Arbitration Agreement went on to state that "[i]n the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. If the Class Action Waiver is deemed to be unenforceable, [SolarCity] and [Altman] agree that this Agreement is otherwise silent as to any party's ability to bring a class and/or collective action in arbitration." The Arbitration Agreement also had

3

a severability provision, which provided: "If one or more of the provisions in this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect."

In 2014, Altman brought a putative class action against SolarCity alleging it misclassified him and other field energy advisors as exempt employees and thus failed to pay them overtime wages and provide them with meal and rest breaks. Altman pursued causes of action on behalf of himself and the putative class for unfair competition under Business and Professions Code section 17200 et seq., failure to pay overtime compensation, and failure to provide itemized wage statements. Altman also asserted a claim under the PAGA, which was predicated on SolarCity's alleged Labor Code violations.

Based on the Arbitration Agreement, SolarCity moved to compel arbitration of Altman's individual claims, dismiss the class claims, and stay the PAGA claim until resolution of the individual claims and Altman's status as an "aggrieved employee" under the PAGA. The trial court denied SolarCity's motion, finding the PAGA waiver in the Arbitration Agreement was unenforceable and could not be severed from the remainder of the agreement. As a result, the trial court concluded the entire Arbitration Agreement was unenforceable.

## DISCUSSION

### I. *Requests for Judicial Notice*

Altman requested that we take judicial notice of documents SolarCity filed in Santa Clara and San Mateo Superior Court cases. Specifically, he requests judicial notice

4

of: (1) SolarCity's Memorandum of Points and Authorities in Support of its Motion to Compel Plaintiff's Individual Claims to Arbitration and Dismiss Plaintiff's PAGA Action on Behalf of Others in *Jenn-Wei Wan v. SolarCity*, Santa Clara County Superior Court Case No. 114CV268607, and (2) SolarCity's Notice of Petition and Petition to Compel Arbitration and Memorandum of Points and Authorities in *Irving v. SolarCity*, San Mateo County Superior Court Case No. CIV525975. SolarCity requested that in the event we grant Altman's request for judicial notice, we also take judicial notice of trial court orders and notices of appeal in the same Santa Clara and San Mateo Superior Court cases.

Pursuant to Evidence Code section 459, a "reviewing court may take judicial notice of any matter specified in [Evidence Code] Section 452." Evidence Code section 452 provides that a court may take judicial notice of the "[r]ecords of . . . any court of this state. . . ." (Evid. Code, § 452, subd. (d).) " 'Although a court may judicially notice a variety of matters [citation], only *relevant* material may be noticed'. . . . "Further, when a court takes judicial notice of official acts or public records, it does not also judicially notice ' "the truth of all matters stated therein." ' " (*Aquila, Inc. v. Superior Court* (2007) 148 Cal.App.4th 556, 569.)

We deny the parties' requests for judicial notice as the documents are not relevant to our resolution of this case, which rests on issues of law based on undisputed material facts.

## II. *Standard of Review*

" 'When "the language of an arbitration provision is not in dispute, the trial court's decision as to arbitrability is subject to de novo review." [Citation.] Thus, in cases where

"no conflicting extrinsic evidence is introduced to aid the interpretation of an agreement to arbitrate, the Court of Appeal reviews de novo a trial court's ruling on a petition to compel arbitration." ' " (*Securitas Security Services USA, Inc. v. Superior Court of San Diego County* (2015) 234 Cal.App.4th 1109, 1116-1117 (*Securitas*).) Because the material facts in this case are not in dispute and the appeal presents an issue of law, our review is de novo.

### III. *PAGA Waiver*

SolarCity argues the trial court erroneously invalidated the Arbitration Agreement by concluding that it prohibits PAGA representative actions. In particular, SolarCity contends the trial court erred in concluding the Arbitration Agreement barred PAGA claims in any forum because paragraph 12(A) allowed an employee to pursue PAGA claims in court "once an arbitrator has determined aggrieved employee status and an employee's individual injury." We reject this argument.

PAGA claims are fundamentally different from class actions brought as a means of recovering damages suffered by individuals. (*Iskanian v. CLS Transportation Los Angeles* (2014) 59 Cal.4th 348, 379-382 (*Iskanian*).) The PAGA was enacted by the Legislature as a means of recovering penalties *for the state* for labor law violations and gives individual employees the right to act on behalf of the state because the state lacks the resources to do so itself. (*Id*. at p. 379.) A "plaintiff may not and does not bring [a] PAGA claim as an individual claim, but 'as the proxy or agent of the state's labor law enforcement agencies.' [Citation.] . . . [T]he relief is in large part ' "for the benefit of the general public rather than the party bringing the action' " [Citation.] . . . A plaintiff

6

asserting a PAGA claim may not bring the claim simply on his or her own behalf but must bring it as a representative action and include 'other current or former employees.' " (*Reyes v. Macy's, Inc*. (2011) 202 Cal.App.4th 1119, 1123 (*Reyes*); see also *Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489, 502.)

"[A]n employee's right to bring a PAGA action is unwaivable." (*Iskanian*, *supra*, 59 Cal.4th at p. 383.) Thus, "an arbitration agreement requiring an employee as a condition of employment to give up the right to bring representative PAGA actions in any forum is contrary to public policy" and unenforceable as a matter of law. (*Id.* at pp. 359-360, 384.) An employee "cannot be compelled to submit any portion of his representative PAGA claim to arbitration, including whether he was an 'aggrieved employee.' " (*Williams v. Superior Court* (2015) 237 Cal.App.4th 642, 649 (*Williams*).)

Here, paragraph 12(D) of the Arbitration Agreement provided: "there will be no right or authority for any dispute to be brought, heard or arbitrated . . . in a representative or private attorney general capacity on behalf of a class of persons or the general public." This PAGA waiver is unenforceable pursuant to *Iskanian*. (*Iskanian*, *supra*, 59 Cal.4th at pp. 383-384; see also *Securitas*, *supra*, 234 Cal.App.4th at pp. 1114, 1123 [concluding nearly identical PAGA waiver provision was unenforceable under *Iskanian*].) SolarCity, however, contends Altman's PAGA cause of action was governed by paragraph 12(A) rather than 12(D) of the Arbitration Agreement.

Paragraph 12(A) states, "private attorney general representative actions . . . may be maintained in a court of law, but [Altman] may seek only in arbitration individual remedies for himself . . . under any applicable private attorney general representative

7

action statute, and the arbitrator shall decide whether [Altman] is an aggrieved person under any private attorney general statute."  Based on this language, SolarCity argues Altman must resolve his "aggrieved employee" status and pursue his individual claim under the PAGA in arbitration before pursuing a representative PAGA claim in court.  However, as the *Williams* court noted, "case law suggests that a single representative PAGA claim *cannot* be split into an arbitrable individual claim and a nonarbitrable representative claim."  (*Williams*, *supra,* 237 Cal.App.4th at p. 649.)  Moreover, an employee cannot be compelled to resolve his status as an "aggrieved employee" for PAGA purposes in arbitration.  (*Ibid.*)  In light of the purpose of the PAGA to serve as a means of recovering penalties for the state, rather than for an individual employee, and the mechanism by which the employee acts as a proxy for the state, we agree with the conclusion in *Williams*.

Based on the foregoing, SolarCity's interpretation of Paragraph 12(A), which would require Altman to resolve his "aggrieved employee" status in arbitration before maintaining a representative PAGA action in court is unenforceable.  The PAGA waiver in Paragraph 12(D) is also unenforceable.

## IV.  *Severability*

Having concluded the PAGA waiver is unenforceable, we must determine whether it is severable from the rest of the Arbitration Agreement.  SolarCity argues the waiver is severable, whereas Altman contends it renders the entire Arbitration Agreement unenforceable.  This Court addressed the same issue in *Securitas*, *supra*, 234 Cal.App.4th 1109.

8

In *Securitas*, the relevant arbitration language provided: " '**[T]here will be no right or authority for any dispute to be brought, heard or arbitrated as a class, collective or representative action ("Class Action Waiver").** Notwithstanding any other clause in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a class, collective or representative action.' " (*Securitas*, *supra*, 234 Cal.App.4th at p. 1114 (emphasis in original).) The *Securitas* dispute resolution agreement also had a severability clause: " 'In the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. If the Class Action Waiver is deemed to be unenforceable, [Securitas] and [Edwards] agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.' " These provisions are nearly identical to paragraphs 12(D) and 12(H) in the Arbitration Agreement in this case.

After concluding the PAGA waiver was unenforceable, this Court in *Securitas* considered the language immediately following the waiver, providing that " '[n]otwithstanding any other clause in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a class, collective or representative action.' " (*Securitas*, *supra*, 234 Cal.App.4th at p. 1125, italics omitted.) Based on principles of contract interpretation and severability, this Court concluded the class and representative action waiver could not be severed from the rest of the agreement as it "unambiguously reflects the parties' intent that where a dispute is subject to the arbitration agreement (i.e., 'to be arbitrated')

9

and is 'brought as a class, collective or representative claim' . . . , the provision waiving such claims, even if later determined to be illegal or unenforceable, cannot be severed from the remainder of the agreement. This is so '[n]otwithstanding any other clause in th[e] Agreement,' including the [agreement's] severance clause." (*Id.* at p. 1126.) As a result, the *Securitas* court concluded the dispute resolution agreement in that case was unenforceable in its entirety. (*Ibid.*)

SolarCity argues the analysis in *Securitas* is inapplicable because the agreement in that case did not contain the language set forth in Paragraph 12(A) of the Arbitration Agreement in this case about resolving "aggrieved employee" status in arbitration before proceeding with a representative action in court. As we previously explained, that provision is unenforceable as an employee cannot be compelled to submit any portion of his PAGA claim to arbitration. (*Williams*, *supra*, 237 Cal.App.4th at p. 649.) Even if Paragraph 12(A) properly allowed an employee to pursue representative PAGA actions in court, it contradicts Paragraph 12(D)'s prohibition on representative actions. Recognizing the conflict, SolarCity argues the language of Paragraph 12(D) applies only to arbitration. We do not read Paragraph 12(D)'s representative action waiver as applying only in arbitration, "but to the extent the [Arbitration Agreement's] language is uncertain on the point and one can glean a different outcome from the language, . . . 'a court should construe ambiguous language against the interest of the party that drafted it,' " which in this case was SolarCity. (*Securitas*, *supra*, 234 Cal.App.4th at p. 1126.)

10

We see no reason to depart from the reasoning and construction of the PAGA waiver and severability provisions as set forth in *Securitas*, *supra*, 234 Cal.App.4th at pp. 1125-1126.  The same reasoning and construction apply to the nearly identical provisions in this case.  Accordingly, like the trial court, we conclude that "[b]ecause the unenforceable PAGA waiver is not severable, the entire Arbitration Agreement is unenforceable."

## DISPOSITION

The order is affirmed.  Respondent is entitled to costs on appeal.


McINTYRE, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.


11