Filed 6/9/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ANDRE WILLIAMS, | B261007 |
| Petitioner, | |
| v. | (Los Angeles County Super. Ct. No. BC497309) |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| PINKERTON GOVERNMENTAL SERVICES, INC., | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  William F. Highberger, Judge.  Petition granted.

Diversity Law Group, Larry W. Lee and Nicholas Rosenthal for Petitioner.

No appearance for Respondent.

Littler Mendelson, Henry D. Lederman, J. Kevin Lilly; Tharpe & Howell, Sherry B. Shavit, and Jennifer S. McGeorge for Real Party in Interest.

## INTRODUCTION

Petitioner Andre Williams filed a single-count representative action pursuant to the Private Attorney General Act, Labor Code section 2699 et seq. (PAGA), alleging that real party in interest Pinkerton Governmental Services, Inc. (Pinkerton) violated various provisions of the Labor Code.[1]  In response, Pinkerton moved to enforce petitioner's waiver of his right to assert a representative PAGA claim, or alternatively, for an order staying the PAGA claim, but sending the "individual claim" that petitioner had been subjected to Labor Code violations to arbitration pursuant to a written agreement.  The trial court denied the motion to enforce the waiver, but granted the alternative relief.  Williams petitioned this court for a writ reversing the trial court's order, arguing that it violated *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 384 (*Iskanian*).  We agree with the trial court that under *Iskanian*, the waiver of a right to assert a representative PAGA claim in any forum is unenforceable.  However, we conclude that petitioner's single cause of action under PAGA cannot be split into an arbitrable "individual claim" and a nonarbitrable representative claim.  Accordingly, we grant the petition.

## PROCEDURAL HISTORY

On December 12, 2012, petitioner filed a claim pursuant to PAGA on behalf of himself and similarly situated aggrieved employees.  He sought penalties and/or damages against Pinkerton for its alleged failure to provide off-duty rest periods, as required by section 226.7 and the applicable wage orders of the California Industrial Welfare Commission.

---

[1]  All further statutory citations are to the Labor Code, unless otherwise stated. Pinkerton has changed its name to Securitas Critical Infrastructure Services, Inc. To avoid confusion, we will continue to refer to it as Pinkerton.

2

On September 17, Pinkerton moved for an order to enforce petitioner's waiver of his representative PAGA claim, or in the alternative, for an order compelling petitioner to submit "the rest period controversy underlying his PAGA claim" to arbitration pursuant to the Federal Arbitration Act, Title 9 United States Code sections 2 et seq. (FAA), while severing and staying the PAGA claim pending the outcome of arbitration pursuant to Code of Civil Procedure section 1281.2. Pinkerton argued that *Iskanian* does not preclude enforcement of a voluntary agreement to waive a representative PAGA action. Pinkerton noted that the arbitration agreement at issue, which included a class and representative action waiver, allowed petitioner to opt out without suffering any adverse employment action as a consequence of that decision. Alternatively, Pinkerton argued that petitioner must first arbitrate his "individual claim" because "he is required to prove the underlying rest period violation in order to prevail, and the [arbitration agreement] mandates that rest period claims be arbitrated."

Petitioner opposed the motion, arguing that *Iskanian* compelled a denial of Pinkerton's motion. He noted that he had brought a single cause of action under PAGA, and had asserted no "individual claims" or class claims. Thus, petitioner argued, under *Iskanian*, he was entitled to bring the representative PAGA action in court. Petitioner also argued that requiring him to arbitrate first whether he had suffered from violations of the Labor Code -- i.e., whether he was an "aggrieved employee" -- would render *Iskanian* meaningless, as only an "aggrieved employee" may bring a PAGA action. According to petitioner, ordering arbitration of the underlying Labor Code violation would establish the merits of the

representative PAGA claim, effectively -- and improperly -- compelling him to resolve his PAGA claim in the arbitral forum.[2]

In reply, Pinkerton reiterated that the instant case differed from *Iskanian* because the arbitration agreement here allowed the employee to opt out without any repercussion. Pinkerton also argued that requiring petitioner to arbitrate would resolve only the merits of his underlying rest period claim, not whether any other employee was an "aggrieved employee." The latter would have to be either "litigated or arbitrated."

On October 31, 2014, the trial court denied Pinkerton's motion to enforce petitioner's written agreement to waive his right to bring a representative PAGA action, but granted the alternative relief requested. Specifically, the court held that under *Iskanian*, Pinkerton could not force petitioner to waive or arbitrate his PAGA claim. However, the court found the "threshold dispute between plaintiff . . . and his former employer as to whether or not he was denied off-duty rest periods" to be "an unresolved dispute which is amenable to arbitration under *Iskanian*," and that Pinkerton had a right under the arbitration agreement to have that threshold question resolved by arbitration. Accordingly, the court ordered that the "'rest period controversy underlying [petitioner's] PAGA claim'" be submitted to arbitration pursuant to the FAA, while purporting to sever and stay the

---

[2]     According to petitioner, the arbitration agreement improperly requires him to arbitrate his representative PAGA claim. However, the agreement actually precludes petitioner from bringing a representative PAGA claim in an arbitral forum. Specifically, paragraph 4 of the agreement provides that "there will be no right or authority for any dispute to be brought, heard or arbitrated as a class, collective or representative action." Additionally, the agreement precludes petitioner from bringing a representative action in a court of law.

4

representative PAGA claim pending the outcome of arbitration pursuant to Code of Civil Procedure section 1281.2.

Petitioner filed a motion for reconsideration, which the trial court denied. In the denial order, the court stated that it "continues to believe that arbitration of the narrow question of whether or not plaintiff Williams is factually and legally an 'aggrieved' person, not just someone who asserts that he is aggrieved, is required to give force and effect to the parties' binding arbitration agreement, the enforceability of which is controlled by a federal statute."

On December 30, 2014, petitioner filed a petition for writ of mandate, seeking a reversal of the trial court's order. On February 13, 2015, this court issued an alternative writ of mandate and order. We ordered the trial court either to vacate its prior order and enter an order denying Pinkerton's motion in its entirety, or to show cause why a peremptory writ of mandate ordering the court to do so should not issue. We noted that petitioner had alleged a single cause of action under PAGA which is not subject to arbitration under *Iskanian*, and that he had asserted no separate individual Labor Code claim for damages. On February 17, 2015, the trial court declined to vacate its October 31, 2014 order.

## DISCUSSION

This matter involves the applicability of *Iskanian* to cases where a plaintiff who agreed to arbitrate Labor Code violations and to waive the right to bring a representative PAGA claim in any forum asserts a single cause of action under PAGA.[3] In *Iskanian*, the plaintiff asserted individual, class and PAGA claims

---

[3] As the trial court properly concluded, *Iskanian* is binding precedent. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450.) In Pinkerton's return to the petition for writ of mandate, it requested that this court stay the petition pending a determination by the United States Supreme Court whether to grant

(*Fn. continued on next page.*)

against his former employer for alleged violations of the Labor Code and unfair competition law. As a condition of his employment, the plaintiff had agreed to arbitrate "'any and all claims'" arising out of his employment. Additionally, he had agreed to waive his right to bring class and representative actions in any forum, including arbitration. (*Iskanian, supra,* 59 Cal.4th at pp. 360-361.) The California Supreme Court held that the individual claims were subject to arbitration and that the class action waiver was valid. (*Id.* at pp. 360 & 391.) However, because "an employee's right to bring a PAGA action is unwaivable," the court found the "agreement requiring an employee as a condition of employment to give up the right to bring representative PAGA actions in any forum is contrary to public policy" and unenforceable as a matter of state law. (*Id.* at pp. 360 & 383-384.)

Pinkerton argues that *Iskanian* is inapplicable, as unlike the representative action waiver there, the instant waiver was not a "condition of employment," but allowed the employee to opt out of the representative action waiver without adverse consequences. This same argument was raised and rejected in *Securitas Security Services USA, Inc. v. Superior Court* (2015) 234 Cal.App.4th 1109 (*Securitas*). There, the appellate court held that an agreement's PAGA waiver violated public policy, notwithstanding that the employee was not required to enter into it as a condition of employment. (*Id.* at p. 1121.) As the court explained, "*Iskanian*'s underlying public policy rationale -- that a PAGA waiver circumvents the Legislature's intent to empower employees to enforce the Labor Code

---

review in *Brown v. Superior Court* (2014) 331 P.3d 1274 [176 Cal.Rptr. 3d 266], cert. den. *sub nom. Bridgestone Retail Operations, LLC v. Brown* (2015) __U.S. __ [2015 U.S. LEXIS 3644] in which petitioner argued that *Iskanian* is contrary to and preempted by federal law. We declined the request, but note that on June 1, 2015, the Supreme Court denied the petition for certiorari in *Bridgestone.*

as agency representatives and harms the state's interest in enforcing the Labor Code -- does not turn on how the employer and employee entered into the agreement, or the mandatory or voluntary nature of the employee's initial consent to the agreement." (*Id*. at p. 1122.) The reason is that "[a] PAGA claim provides a remedy inuring to the state and the public, and the law . . . broadly precludes private agreements to waive such public rights." (*Ibid.*, citing *Iskanian*, *supra*, 59 Cal.4th at p. 383 & Civ. Code §§ 1668, 3513.) We agree with the *Securitas* court. Under Civil Code section 3513, "[a]ny one may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement." (See also Civ. Code, § 1668 ["[a]ll contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for . . . violation of the law, whether willful or negligent are against the policy of the law"].) Thus, an employee may not voluntarily waive the advantages of a law intended solely for the employee's benefit, if doing so would be contrary to public policy. (Cf. *Gombiner v. Swartz* (2008) 167 Cal.App.4th 1365, 1372 [where law imposed cap on rent landlord could charge, "landlord cannot, even with the tenant's acquiescence or by mutual agreement, circumvent that which the law prohibits"].) Accordingly, the trial court properly determined that the instant representative action waiver is unenforceable.

Pinkerton further contends the instant representative action waiver falls within the exception for voluntary postdispute waivers. In *Iskanian*, the court stated that "employees are free to choose whether or not to bring PAGA actions when they are aware of Labor Code violations. [Citation.] But it is contrary to public policy for an employment agreement to eliminate this choice altogether by requiring employees to waive the right to bring a PAGA action before any dispute arises." (*Iskanian*, *supra*, 59 Cal.4th at p. 383.) The voluntary postdispute waiver

7

exception is not present here. As petitioner has noted, there is no evidence of any dispute between the parties over Labor Code violations prior to the filing of this action. Moreover, even were the representative action waiver construed as a voluntary postdispute waiver, it would apply only to PAGA claims arising from Labor Code violations occurring before petitioner signed the arbitration agreement on June 30, 2011. In his complaint, petitioner limited his request for penalties under PAGA to the period "from *November 6, 2011*, to the present." (Italics added.) Thus, any postdispute waiver would not apply to the cause of action in the instant complaint. In sum, the instant representative action waiver is unenforceable, and the trial court properly declined to compel petitioner to arbitrate his representative PAGA claim.

As noted, petitioner's complaint asserted only a single representative cause of action under PAGA. Nonetheless, the trial court determined that petitioner must submit the "underlying controversy" to arbitration for a determination whether he is an "aggrieved employee" under the Labor Code with standing to bring a representative PAGA claim. (See § 2699, subd. (c) ["'aggrieved employee' means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed"]; *Arias v. Superior Court* (2009) 46 Cal.4th 969, 987 [recovery of PAGA civil penalties requires proof of a Labor Code violation].) The trial court cited no legal authority for its determination that a single representative action may be split in such a manner; Pinkerton has identified no case so holding, and we have located none. Indeed, case law suggests that a single representative PAGA claim cannot be split into an arbitrable individual claim and a nonarbitrable representative claim. In *Reyes v. Macy's, Inc.* (2011) 202 Cal.App.4th 1119 (*Reyes*), the appellate court held that a PAGA claim may not be brought solely on the employee's behalf, but must be brought in a representative

8

capacity. "Because the PAGA claim is not an individual claim, it was not within the scope of [the employer's] request that individual claims be submitted to arbitration." (*Id.* at p. 1124.) Here, as in *Reyes*, petitioner "does not bring the PAGA claim as an individual claim, but 'as the proxy or agent of the state's labor law enforcement agencies.'" (*Id.*, at p. 1123, quoting *Arias v. Superior Court*, *supra*, 46 Cal.4th at p. 986.) Accordingly, petitioner cannot be compelled to submit any portion of his representative PAGA claim to arbitration, including whether he was an "aggrieved employee."

Pinkerton's reliance on *Bunker Hill Park Ltd. v. U.S. Bank National Assn.* (2014) 231 Cal.App.4th 1315, is misplaced. There, this court held that a broadly worded arbitration provision encompassed disputes not strictly "justiciable" or "'ripe.'" (*Id.* at pp. 1326-1327.) The case did not address representative action waivers, PAGA, or whether a single cause of action could be split into arbitrable and nonarbitrable claims.

## DISPOSITION

Let a writ of mandate issue directing the superior court to (1) vacate its October 31, 2014, order granting real party in interest Pinkerton's request for alternative relief, and (2) enter a new order denying Pinkerton's motion to compel contractual arbitration in its entirety. The alternative writ, having served its purpose, is discharged. Petitioner is entitled to his costs in this writ proceeding.

**CERTIFIED FOR PUBLICATION**


MANELLA, J.

We concur:



WILLHITE, Acting P. J.



COLLINS, J.

10