Filed 12/9/20 Rimler v. Postmates Inc. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JACOB RIMLER et al.,<br><br>       Plaintiffs and Respondents,<br>v.<br><br>POSTMATES INC.,<br><br>       Defendant and Appellant. | A156450<br><br>(San Francisco County<br>Super. Ct. No. CGC-18-567868) |

Postmates Inc. (Postmates) appeals the trial court's order denying its petition to compel arbitration of representative claims under the Private Attorney General Act of 2004 (PAGA) (Lab. Code, § 2699 et seq.). Postmates concedes our Supreme Court held in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*) that PAGA waivers are unenforceable, but argues subsequent United States Supreme Court cases have abrogated *Iskanian*. We join the numerous California Court of Appeal decisions that have uniformly rejected this argument and affirm the trial court's order.

BACKGROUND

Jacob Rimler and Giovanni Jones (Plaintiffs) worked as couriers for Postmates. Plaintiffs accepted Postmates' courier agreement, which includes an arbitration agreement and a waiver of the "right to have any dispute or

1

claim brought, heard or arbitrated as a representative action, or to participate in any representative action, and an arbitrator shall not have any authority to arbitrate a representative action." Couriers may opt out of these provisions by submitting an opt out form within 30 days of accepting the courier agreement, but Plaintiffs did not do so.

Plaintiffs sued Postmates, seeking PAGA penalties for alleged Labor Code violations. Postmates filed a petition to compel arbitration, which the trial court denied. This appeal followed. (Civ. Proc. Code, § 1294, subd. (a).)

DISCUSSION[1]

PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." (*Iskanian, supra,* 59 Cal.4th at p. 360.) *Iskanian* concluded that a predispute PAGA waiver "is contrary to public policy and thus unenforceable under state law. [Citation.] The court then determined this conclusion was not preempted by the FAA [Federal Arbitration Act] because it found the FAA was intended to govern the resolution of '*private* disputes, whereas a PAGA action is a dispute between an employer and the state Agency.' [Citation.] . . . The court stressed the nature of a PAGA claim as ' " 'fundamentally a law enforcement action designed to protect the public and not to benefit private parties' " ' [citation] and that ' "an aggrieved employee's action under the [PAGA] functions as a substitute for an action brought by the government itself" ' [citation]." (*Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602, 616 (*Correia*).)

---

[1] Plaintiffs repeatedly cite unpublished Court of Appeal decisions, in violation of California Rules of Court, rule 8.1115(a). We disregard these citations and admonish counsel to comply with the Rules of Court in the future.

After *Iskanian,* the United States Supreme Court decided *Epic Systems Corp. v. Lewis* (2018) 584 U.S. __ [138 S.Ct. 1612] (*Epic*). "Although most of the *Epic* opinion concerned an analysis of the [National Labor Relations Act] as it relates to the FAA, the court also strongly reiterated the settled principles regarding the breadth of FAA preemption, and made clear that the FAA requires courts ' "rigorously" to "enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes and the rules under which that arbitration will be conducted." ' " (*Correia, supra,* 32 Cal.App.5th at p. 618.)

In *Correia,* as here, the employer argued *Iskanian* had been abrogated by *Epic.* (*Correia, supra,* 32 Cal.App.5th at p. 619.) *Correia* began by noting that, "[o]n federal questions, intermediate appellate courts in California must follow the decisions of the California Supreme Court, unless the United States Supreme Court has decided the same question differently." (*Ibid.*) After discussing *Iskanian* and *Epic, Correia* rejected the employer's argument: "Because the California Supreme Court found a PAGA claim involved a dispute not governed by the FAA, and the waiver would have precluded the PAGA action in any forum, it held its PAGA-waiver unenforceability determination was not preempted. *Epic* did not reach the issue regarding whether a governmental claim of this nature is governed by the FAA, or consider the implications of a complete ban on a state law enforcement action. Because *Epic* did not overrule *Iskanian's* holding, we remain bound by the California Supreme Court's decision." (*Correia, supra,* 32 Cal.App.5th at p. 620.)

At least four other Court of Appeal decisions have reached the same conclusion. (*Collie v. The Icee Co.* (2020) 52 Cal.App.5th 477, 480 ["We . . . join *Correia* . . . in holding that *Epic* . . . does not undermine the reasoning of

3

*Iskanian*."]; *Zakaryan v. The Men's Wearhouse, Inc.* (2019) 33 Cal.App.5th 659, 671 ["*Epic . . .* did not overrule *Iskanian*"], disapproved on another ground in *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 196, fn. 8; *Provost v. YourMechanic, Inc.* (2020) 55 Cal.App.5th 982, 997 ["We reaffirm here our analysis and decision in *Correia* that *Epic* did not overrule *Iskanian*."]; *Olson v. Lyft, Inc.* (2020) 56 Cal.App.5th 862, 865 ["we reject Lyft's position based on *Correia*"].) We do as well, for the reasons amply explained in *Correia* and the other decisions.[2]

Postmates attempts to distinguish these decisions on the ground that Plaintiffs could have opted out of the PAGA waiver. " '*Iskanian's* underlying public policy rationale—that a PAGA waiver circumvents the Legislature's intent to empower employees to enforce the Labor Code as agency representatives and harms the state's interest in enforcing the Labor Code— does not turn on how the employer and employee entered into the agreement, or the mandatory or voluntary nature of the employee's initial consent to the agreement.' " (*Williams v. Superior Court* (2015) 237 Cal.App.4th 642, 648; accord, *Securitas Security Services USA, Inc. v. Superior Court* (2015) 234 Cal.App.4th 1109, 1121–1123.) Accordingly, Plaintiffs' ability to opt out does not impact our analysis.

## DISPOSITION

The order is affirmed. Respondents are awarded their costs on appeal.

---

[2] Postmates points to two other United States Supreme Court cases, but these cases, like *Epic,* do not reach the issue decided in *Iskanian.* (*Henry Schein, Inc. v. Archer and White Sales, Inc.* (2019) 586 U.S. __ [139 S.Ct. 524] [an agreement to delegate arbitrability to an arbitrator must be enforced]; *Lamps Plus, Inc. v. Varela* (2019) 587 U.S. __ [139 S.Ct. 1407] [ambiguity in arbitration agreement does not create inference that parties agreed to classwide arbitration].)

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

REARDON, J.*

(A156450)

_____

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.