Filed 2/23/21  Schofield v. Skip Transport CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THOMAS SCHOFIELD,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SKIP TRANSPORT, INC.,<br><br>    Defendant and Appellant. | A159241<br><br>(Alameda County<br>Super. Ct. No. RG19032025) |

Skip Transport, Inc. (Skip Transport) appeals the trial court's order denying its petition to compel arbitration of representative claims under the Private Attorney General Act of 2004 (PAGA; Lab. Code, § 2699 et seq.).[1]  We affirm.

BACKGROUND

Thomas Schofield (Plaintiff) worked for Skip Transport recharging batteries on the company's electric scooters.  Plaintiff accepted Skip Transport's Skip Charger Agreement, which includes an arbitration agreement and a waiver of the "right or authority for any dispute to be brought, heard or arbitrated as a class, collective or representative action, or as a member in any purported class, collective or representative proceeding."

_____

[1] All undesignated statutory references are to the Labor Code.

1

Plaintiff could have opted out of the arbitration agreement within 30 days of acceptance, but he did not do so. The Skip Charger Agreement also provided that chargers were independent contractors and not employees of Skip Transport.

Plaintiff sued Skip Transport, seeking PAGA penalties for alleged Labor Code violations. The complaint alleged Skip Transport misclassified chargers as independent contractors when they were in fact employees. Skip Transport filed a petition to compel arbitration, which the trial court denied. This appeal followed. (Code Civ. Proc., § 1294, subd. (a).)

DISCUSSION[2]

I. *Legal Background*

PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 360 (*Iskanian*).) "The authorization to pursue PAGA civil penalties in a lawsuit is contained in section 2699, subdivision (a), which states in part: 'any provision of this code that provides for a civil penalty to be assessed and collected by [a state agency] . . . for a violation of this code, may, as an alternative, be recovered through a civil action brought by an *aggrieved employee* on behalf of himself

---

[2] In his response brief, Plaintiff argues Skip Transport's appeal should be dismissed as frivolous. Plaintiff did not file the requisite motion to dismiss pursuant to California Rules of Court, rule 8.54, and we therefore decline his dismissal request. (*Halliburton Energy Services, Inc. v. Department of Transportation* (2013) 220 Cal.App.4th 87, 106 ["We decline Halliburton's request for dismissal, because it did not serve and file a separate motion for such relief as required by California Rules of Court, rule 8.54."].)

or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.' (Italics added.) An 'aggrieved employee' is defined as 'any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.' (§ 2699, subd. (c).) [¶] PAGA therefore works by empowering aggrieved employees to act as [the state's] proxy or agent to bring representative actions to recover statutory civil penalties for their employers' violations. [Citation.] A PAGA action is ' "a substitute for an action brought by the government itself" ' [citation], where the governmental entity 'is always the real party in interest.' " (*Provost v. YourMechanic, Inc.* (2020) 55 Cal.App.5th 982, 990–991 (*Provost*).)

In *Iskanian,* our Supreme Court concluded that a predispute PAGA waiver "is contrary to public policy and thus unenforceable under state law. [Citation.] The court then determined this conclusion was not preempted by the FAA [Federal Arbitration Act] because it found the FAA was intended to govern the resolution of '*private* disputes, whereas a PAGA action is a dispute between an employer and the state Agency.' [Citation.] . . . The court stressed the nature of a PAGA claim as ' " 'fundamentally a law enforcement action designed to protect the public and not to benefit private parties' " ' [citation] and that ' "an aggrieved employee's action under the [PAGA] functions as a substitute for an action brought by the government itself" ' [citation]." (*Correia v. NB Baker Electric, Inc.* (2019) 32 Cal.App.5th 602, 616 (*Correia*).)

II.   *Misclassification Issue*

Skip Transport contends that the issue of whether Plaintiff is an employee or independent contractor is a private dispute subject to arbitration, because only employees have standing to bring PAGA claims.

3

The same contention was considered, and rejected, in *Provost.* *Provost* reasoned that "requiring [the plaintiff] to arbitrate whether he was an 'aggrieved employee' with standing to bring a representative PAGA action would require splitting that single action into two components: an arbitrable 'individual' claim (i.e., whether he was an independent contractor or employee under either the parties' written arbitration provision or section 226.8 . . . , making it unlawful to willfully misclassify an individual as an independent contractor); and a nonarbitrable representative claim." (*Provost, supra,* 55 Cal.App.5th at p. 988.) *Provost* held such a split was prohibited by "a series of cases holding a PAGA-only representative action is not an individual action at all, but instead is one that is indivisible and belongs solely to the state." (*Ibid.*)

In one such case, *Williams v. Superior Court* (2015) 237 Cal.App.4th 642 (*Williams*), "the petitioner filed a single cause of action under PAGA, alleging [the company] violated various provisions of the Labor Code." (*Provost, supra,* 55 Cal.App.5th at p. 993.) *Provost* explained that *Williams* considered "whether the petitioner was required to arbitrate the underlying controversy involving the alleged Labor Code violations of [the company] for a determination whether he was an 'aggrieved employee' under section 2699, subdivisions (a) and (c) with standing to bring a representative PAGA claim. (See *Williams, supra,* 237 Cal.App.4th at p. 649.) In rejecting this argument, . . . the *Williams* court found that, ' "[b]ecause the PAGA claim is not an individual claim, it was not within the scope of the [employer's] request that individual claims be submitted to arbitration" [citation].' (*Ibid.*) Therefore, the court in *Williams* further found the petitioner could not 'be compelled to submit any portion of his representative claim to arbitration, including

4

whether he was an "aggrieved employee" ' within the meaning of section 2699, subdivisions (a) and (c)." (*Provost,* at p. 994.)

*Provost* continued: "Since being decided, a series of cases have followed *Williams* and its holding that a single representative PAGA action is not divisible into separate arbitrable 'individual' and nonarbitrable representative components in determining whether a plaintiff is an 'aggrieved employee' with standing to bring such an action. (See e.g., *Jarboe v. Hanlees Auto Group* (2020) 53 Cal.App.5th 539, 557 ['Because a PAGA claim is representative and does not belong to an employee individually, an employer should not be able [to] dictate how and where the representative action proceed']; *Brooks v. AmeriHome Mortgage Company, LLC* (2020) 47 Cal.App.5th 624, 629 [because the plaintiff brought a PAGA representative claim, 'he cannot be compelled to separately arbitrate whether he was an aggrieved employee']; *Hernandez v. Ross Stores, Inc.* (2016) 7 Cal.App.5th 171 ['determination of whether the party bringing the PAGA action is an aggrieved party . . . should not be decided separately by arbitration']; *Perez v. U-Haul Co. of California* (2016) 3 Cal.App.5th 408, 421 (*Perez*) ['California law prohibits the enforcement of an employment agreement provision that requires an employee to individually arbitrate whether he or she qualifies as an "aggrieved employee" under the PAGA, and then (if successful) to litigate the remainder of the "representative action in the superior court" '].)" (*Provost, supra,* 55 Cal.App.5th at p. 994.)

*Provost* concluded that these cases "firmly reject the contention that the issue of a plaintiff's status as an 'aggrieved employee' must first be arbitrated before he or she has standing to pursue such a claim." (*Provost, supra,* 55 Cal.App.5th at p. 995.) The company's argument that the determination of whether the plaintiff was an employee or independent contractor must be

5

resolved in arbitration before the plaintiff could show he was an "aggrieved employee" with PAGA standing "falls within the ambit of these cases." (*Id.* at p. 996.) *Provost* found its conclusion bolstered by the Supreme Court's recent approving citation of cases "which have rejected efforts to split a PAGA-only action into individual and representative components." (*Id.* at p. 996, citing *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 88.)

*Provost* finally noted that the plaintiff "has no private right of action" to pursue his misclassification claim against the company, and therefore "the only recourse available to [the plaintiff] in pursuing such an alleged violation under this particular statute is through PAGA." (*Provost, supra,* 55 Cal.App.5th at p. 997.) "It would defy logic to require [the plaintiff] to arbitrate the issue of whether he was an independent contractor or employee for purposes of section 226.8, when he and others similarly situated to him are only able to obtain any relief under this statute in a *nonarbitrable* PAGA action." (*Ibid.*)

*Provost* is thorough, well-reasoned, and persuasive. We adopt its reasoning and reject Skip Transport's claim that it is entitled to arbitration of the misclassification issue.[3]

## III.    Epic

In the alternative, Skip Transport argues that recent United States Supreme Court cases have abrogated *Iskanian's* holding that PAGA waivers

---

[3] We also reject Skip Transport's argument that the parties agreed to delegate arbitrability issues to an arbitrator. The state—the real party in interest under *Iskanian*—did not agree to such delegation. (See *Bautista v. Fantasy Activewear, Inc.* (2020) 52 Cal.App.5th 650, 657–658 ["Because [the plaintiffs] were not acting as agents of the state when they entered into the arbitration agreements at issue here, [the company] has identified no arbitration agreement that would bind the real party in interest here—the state—to arbitration, even of the question of arbitrability."].)

are unenforceable.  We join the numerous California Court of Appeal decisions that have uniformly rejected this argument.[4]

After *Iskanian,* the United States Supreme Court decided *Epic Systems Corp. v. Lewis* (2018) __ U.S. __, 138 S.Ct. 1612 (*Epic*).  "Although most of the *Epic* opinion concerned an analysis of the [National Labor Relations Act] as it relates to the FAA, the court also strongly reiterated the settled principles regarding the breadth of FAA preemption, and made clear that the FAA requires courts ' "rigorously" to "enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes and the rules under which that arbitration will be conducted." ' "  (*Correia, supra,* 32 Cal.App.5th at p. 618.)

In *Correia,* as here, the employer argued *Iskanian* had been abrogated by *Epic.*  (*Correia, supra,* 32 Cal.App.5th at p. 619.)  *Correia* began by noting that, "[o]n federal questions, intermediate appellate courts in California must follow the decisions of the California Supreme Court, unless the United States Supreme Court has decided the same question differently."  (*Ibid.*)  After discussing *Iskanian* and *Epic, Correia* rejected the employer's argument: "Because the California Supreme Court found a PAGA claim involved a dispute not governed by the FAA, and the waiver would have precluded the PAGA action in any forum, it held its PAGA-waiver unenforceability determination was not preempted.  *Epic* did not reach the

---

[4] Despite these numerous published decisions, Skip Transport spends 25 pages on this argument in its briefs on appeal, including a surprising number of pages arguing that *Iskanian* was wrongly decided.  (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2020) ¶ 9:25 ["Busy appellate justices place a very high premium on succinctly written, well-organized briefs.  'Longer' is *not* 'better' and, indeed, is likely to be *counterproductive.*"].)

issue regarding whether a governmental claim of this nature is governed by the FAA, or consider the implications of a complete ban on a state law enforcement action. Because *Epic* did not overrule *Iskanian's* holding, we remain bound by the California Supreme Court's decision." (*Correia, supra,* 32 Cal.App.5th at p. 620.)

At least four other Court of Appeal decisions have reached the same conclusion. (*Collie v. Icee Company* (2020) 52 Cal.App.5th 477, 480 ["We . . . join *Correia* . . . in holding that *Epic* . . . does not undermine the reasoning of *Iskanian.*"]; *Zakaryan v. The Men's Wearhouse, Inc.* (2019) 33 Cal.App.5th 659, 671 ["*Epic Systems* did not overrule *Iskanian*"], disapproved on another ground in *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 196, fn. 8; *Provost, supra,* 55 Cal.App.5th at p. 997 ["We reaffirm here our analysis and decision in *Correia* that *Epic* did not overrule *Iskanian.*"]; *Olson v. Lyft, Inc.* (2020) 56 Cal.App.5th 862, 865 ["we reject Lyft's position based on *Correia*"].) We do as well, for the reasons amply explained in *Correia* and the other decisions.[5]

Skip Transport attempts to distinguish these decisions on the ground that Plaintiff could have opted out of the PAGA waiver. " '*Iskanian's* underlying public policy rationale—that a PAGA waiver circumvents the Legislature's intent to empower employees to enforce the Labor Code as agency representatives and harms the state's interest in enforcing the Labor Code—does not turn on how the employer and employee entered into the

---

[5] Skip Transport points to two other post-*Iskanian* United States Supreme Court cases, but these cases, like *Epic,* do not reach the issue decided in *Iskanian.* (*Henry Schein, Inc. v. Archer and White Sales, Inc.* (2019) __ U.S. __, 139 S.Ct. 524 [an agreement to delegate arbitrability to an arbitrator must be enforced]; *Lamps Plus, Inc. v. Varela* (2019) __ U.S. __, 139 S.Ct. 1407 [ambiguity in arbitration agreement does not create inference that parties agreed to classwide arbitration].)

agreement, or the mandatory or voluntary nature of the employee's initial consent to the agreement.' " (*Williams, supra,* 237 Cal.App.4th at p. 648; accord, *Securitas Security Services USA, Inc. v. Superior Court* (2015) 234 Cal.App.4th 1109, 1121–1123.)  Accordingly, Plaintiff's ability to opt out does not impact our analysis.

## DISPOSITION

The order is affirmed.  Respondent is awarded his costs on appeal.

_____

SIMONS, Acting P.J.


We concur.



_____

BURNS, J.




_____

SELIGMAN, J.*



(A159241)

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10