Filed 6/13/24  Aguilar v. Santa Catalina Healthcare CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| NANCY NIETO AGUILAR, | |
| Plaintiff and Respondent, | G062643 |
| v. | (Super. Ct. No. 30-2022-01254492) |
| SANTA CATALINA HEALTHCARE, INC. et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Peter J. Wilson, Judge.  Reversed and remanded with directions.

Call & Jensen, Julie R. Trotter, Ellen Connelly Cohen and Melinda Evans for Defendants and Appellants.

Aegis Law Firm, Samuel A. Wong, Jessica L. Campbell and Ali S. Carlsen for Plaintiff and Respondent.

*     *     *

Defendants Santa Catalina Healthcare, Inc. and The Ensign Group, Inc. (collectively, defendants) appeal from a denial of their motion to compel arbitration of the individual portion of plaintiff Nancy Nieto Aguilar's Labor Code Private Attorneys General Act of 2004 (Labor Code, § 2698 et seq.; PAGA) claim. Relying on the United States Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking River*), and the language of the parties' arbitration agreement, they contend the individual claim is subject to mandatory arbitration and the trial court erroneously interpreted the agreement to exempt all PAGA claims from arbitration. Applying principles of contract interpretation, we conclude the parties did not exempt PAGA claims from their agreed upon binding arbitration and plaintiff's individual PAGA claim falls directly within the ambit of the agreement to arbitrate. Accordingly, we reverse the order denying defendants' motion to compel and direct the trial court to enter a new order granting it with respect to the individual PAGA claim.

**FACTS**

Plaintiff is a former employee of defendant. At the time she was hired, in December 2020, she signed an arbitration agreement through which the parties "agree[d] to resolve by final and binding arbitration any and all claims or controversies . . . in any way arising out of, relating to or associated with Employee's employment with the Company." Claims covered by the agreement, which the agreement refers to as "Arbitrable Disputes," include without limitation, wage or

2

other compensation related claims, as well as claims for violation of any statute or regulation (e.g., Labor Code, California wage orders). The agreement further specifies "that arbitration . . . shall be the exclusive forum for the resolution of any covered dispute between the parties."

An additional provision provides as follows: "Both the Company and Employee waive any right either may otherwise have to pursue, file, participate in, or be represented in any Arbitrable Dispute brought in any court on a class basis or as a collection action, or as a representative action. Notwithstanding the foregoing, nothing contained in this Agreement shall preclude Employee from pursuing, filing, participating in or being represented in a representative claim brought under the state Private Attorneys General Act of 2004. All Arbitrable Disputes subject to this Agreement must be arbitrated as individual claims. This Agreement specifically prohibits the arbitration of any Arbitrable Dispute on a class basis, or as a collection action, or as a representative action . . . ."

In April 2022, plaintiff brought a putative class action lawsuit against defendant for alleged Labor Code violations involving, inter alia, wages, meal periods, rest breaks, and reimbursement of business expenses. She later amended her complaint to add a PAGA claim.[1] Thereafter, the trial court granted a request she made to dismiss all claims except the PAGA claim.

Defendants moved to compel arbitration of the individual portion of the PAGA claim (i.e., alleged violations committed against

---

[1] The First Amended Complaint is not in the appellate record. On our own motion, we take judicial notice of it. (Evid. Code, §§ 452, subd. (d)(1), 459.)

3

her) and to dismiss the non-individual portion of it (i.e., alleged violations committed against others). From their perspective, *Viking River* clarified that a PAGA claim could be split into individual and non-individual aspects, and the general binding arbitration provision in the agreement compelled arbitration of the individual claim. They also argued doing so would compel dismissal of the non-individual portion of the claim based on lack of standing.

Plaintiff opposed the motion, contending the parties' agreement to arbitrate expressly excluded PAGA claims. As support, she cited the provision stating that nothing in the agreement precluded her "from pursuing, filing, participating in or being represented in a representative claim brought under the state Private Attorneys General Act of 2004." Plaintiff also separately argued the non-individual portion of the PAGA claim should, at worst, be stayed pending the outcome of the California Supreme Court's decision in the then-pending case of *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104 (*Adolph*).

The trial court heard argument and issued a ruling denying the motion to compel arbitration. Reading the language of the arbitration agreement, the court found it contained a class, collective and representative action waiver, but it expressly carved out PAGA actions from that waiver. And although it recognized *Viking River* made clear PAGA claims may be divided into individual and non-individual portions, the court found the PAGA carve-out could not be read to refer to only one aspect of a PAGA claim. In doing so, the court concluded the use of the word "representative" in the agreement was intended to encompass the notion, as recognized in *Viking River*, that

4

every PAGA action is a representative one because the plaintiff is acting as a representative of the state.

Following a clarification from the trial court concerning its ruling, defendants timely appealed.

## DISCUSSION

Defendants contend the arbitration agreement requires arbitration of plaintiff's individual PAGA claim. They claim the provision relied on by the trial court and plaintiff to conclude otherwise simply confirms plaintiff's right to pursue a PAGA claim despite the broad prohibition on class, collective and representative actions found elsewhere in the agreement. We begin with a general discussion of motions to compel, as well as PAGA and relevant case law, and then turn to the specific language of the parties' arbitration agreement.

I. *Motion to Compel Arbitration Principles and Standard of Review*

"""""Although '[t]he law favors contracts for arbitration of disputes between parties' [citation], '"there is no policy compelling persons to accept arbitration of controversies which they have not agreed to arbitrate . . . ."""""" (*Avery v. Integrated Healthcare Holdings, Inc.* (2013) 218 Cal.App.4th 50, 59.) Thus, "'[u]nder "both federal and state law, the threshold question presented by a petition to compel arbitration is whether there is an agreement to arbitrate."'" (*Long v. Provide Commerce, Inc.* (2016) 245 Cal.App.4th 855, 861.) The party seeking to compel arbitration bears the burden of proving the existence of an arbitration agreement by a preponderance of the evidence. (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972.)

Beyond the existence of an agreement to arbitrate lies another key aspect of the analysis — whether a particular dispute falls

5

within the scope of the agreement. "'When deciding whether the parties agreed to arbitrate a certain matter . . . , courts generally . . . should apply ordinary state-law principles that govern the formation of contracts.'" (*Douglass v. Serenivision, Inc.* (2018) 20 Cal.App.5th 376, 387.) "It is . . . solely a judicial function to interpret a written instrument unless the interpretation turns upon the credibility of extrinsic evidence." (*Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865.) Neither party relies on extrinsic evidence in this case.

Because the trial court's denial of defendants' motion to compel was purely based on a decision of law, we employ a de novo standard of review. (*Franco v. Greystone Ridge Condominium* (2019) 39 Cal.App.5th 221, 227.)

II.  *PAGA,* Iskanian*, and* Viking River

"The Legislature enacted PAGA almost two decades ago in response to widespread violations of the Labor Code and significant underenforcement of those laws." (*Adolph, supra*, 14 Cal.5th at p. 1116.) In doing so, it created new civil penalties for various Labor Code violations and provided for aggrieved employees, acting as private attorneys general, to recover those penalties. (*Ibid.*) "An employee who brings a PAGA action to recover civil penalties acts "'as the proxy or agent'" of the state. [Citation.] 'PAGA is designed primarily to benefit the general public, not the party bringing the action.' [Citation.] Penalties recovered are dedicated largely 'to public use . . . instead of being awarded entirely to a private plaintiff.'" (*Ibid.*)

Roughly a decade after the legislative enactment, the California Supreme Court, in *Iskanian v. CLS Transportation Los Angeles, LLC (2014)* 59 Cal.4th 348 (*Iskanian*) "held that a predispute

6

categorical waiver of the right to bring a PAGA action is unenforceable." (*Adolph, supra*, 14 Cal.5th at p. 1117, citing *Iskanian,* at pp. 382-383.) It reasoned such a waiver violates certain Civil Code provisions and public policy.  (*Iskanian,* at pp. 383-384.)  The court also "held unenforceable an agreement that, while providing for arbitration of alleged Labor Code violations sustained by the plaintiff employee ([i.e.,] . . . individual claims), compels waiver of claims on behalf of other employees (i.e., non-individual claims)."  (*Adolph,* at pp. 1117-1118, citing *Iskanian,* at p. 384.)

In the wake of *Iskanian*, several California appellate courts "held that employers [could] not require employees to 'split' PAGA actions in a manner that put[] individual and non-individual components of a PAGA claim into bifurcated proceedings."  (*Adolph, supra*, 14 Cal.5th at p. 1118; see, e.g., *Perez v. U-Haul Co. of California* (2016) 3 Cal.App.5th 408, 420-421; *Williams v. Superior Court* (2015) 237 Cal.App.4th 642, 649.)

The United States Supreme Court shook up the decisional landscape in *Viking River*.  Before the court was a predispute employment contract arbitration provision which specified that "in any arbitral proceeding, the parties could not bring any dispute as a class, collective, or representative PAGA action."  (*Viking River, supra*, 596 U.S. at p. 647.)  The contract "also contained a severability clause specifying that if the waiver was found invalid, any class, collective, representative, or PAGA action would presumptively be litigated in court.  But under that severability clause, if any 'portion' of the waiver remained valid, it would be 'enforced in arbitration.'"  (*Ibid.*)

7

Given *Iskanian*'s prohibition on a predispute categorial PAGA claim waiver, a rule which the high court let stand, the court found the severability clause evidenced the parties' agreement to arbitrate the plaintiff's individual PAGA claims. (*Viking River, supra*, 596 U.S. at pp. 656-659, 662.) Underscoring that arbitration agreements are matters of consent, it explained the Federal Arbitration Act (9 U.S.C. § 1 et seq.; FAA) compels enforcement of the specific terms agreed to by the parties. (*Viking River,* at pp. 659-662.) Thus, the high court concluded *Iskanian* was preempted by the FAA to the extent it precluded enforcement of an arbitration agreement through which the parties agreed to divide a PAGA action into individual and non-individual claims, with different dispute resolution forums for each. (*Viking River,* at p. 662.)

III.     *Plaintiff's PAGA Claim*

At the core of the parties' dispute is the meaning of the following sentence in the arbitration agreement: "Notwithstanding the foregoing, nothing contained in this Agreement shall preclude Employee from pursuing, filing, participating in or being represented in a representative claim brought under the state Private Attorneys General Act of 2004." Defendants contend the trial court erred in concluding that sentence exempts all PAGA claims from arbitration. They argue it instead was intended to simply be a statement of compliance with the law as it stood at the time the agreement was signed — that employees could not be forced to relinquish the right to bring a PAGA claim through a predispute wholesale waiver. Plaintiff argues the trial court got it right; the provision carves out all PAGA claims from the requirement to arbitrate.

Critical to our resolution of this issue are well-established principles of contract interpretation. (*First Options of Chicago, Inc. v. Kaplan* (1995) 514 U.S. 938, 944 [court should use state law principles regarding formation of contracts when determining whether parties agreed to arbitrate certain matter].) Our mission is to give effect to the mutual intention of the parties at the time they formed the contract. (Civ. Code, § 1636; *Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 524.) We discern such intent from the written contract alone, if possible, giving the words their ordinary and popular meaning unless a specialized or technical meaning is expressed or evident. (Civ. Code, §§ 1639, 1644; *Hess*, at p. 524.) Provisions must be read in their context and the whole of the contract must be considered (Civ. Code, § 1641; *Zalkind v. Ceradyne, Inc.* (2011) 194 Cal.App.4th 1010, 1027), with due attention paid "to the circumstances under which it was made and the matter to which it relates." (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 752; see Civ. Code, § 1647). In the end, we must give effect to all provisions, avoiding any interpretation which would render words or clauses inoperative or meaningless. (Civ. Code, § 1641; *Rebolledo v. Tilly's, Inc.* (2014) 228 Cal.App.4th 900, 923.)

Reading the disputed provision in context, the plain language unambiguously memorializes plaintiff's right to bring a PAGA claim. Although the first sentence of the same paragraph purports to be an all-encompassing waiver of class, collective and representative claims, the contested language clarifies the waiver does not include PAGA claims. As defendants note, this type of structure was consistent with the state of the law at the time the agreement was signed, and it

9

continues to be consistent with the law post-*Viking River*. A predispute categorial PAGA claim waiver was and is unenforceable. (*Viking River, supra*, 596 U.S. at pp. 656-659, 662; *Iskanian, supra*, 59 Cal.4th at p. 383; see *Adolph, supra*, 14 Cal.5th at p. 1117 [noting *Viking River* left undisturbed *Iskanian*'s holding that predispute PAGA action categorical waiver is unenforceable].)

Contrary to plaintiff's assertion, nothing in the PAGA exception speaks to an agreed upon forum for a PAGA claim. The language is confined to recognizing plaintiff's right to bring such a claim. Thus, the other provisions of the agreement which detail the forum for "Arbitrable Disputes," the definition of which includes a PAGA claim, govern. Those provisions provide that arbitration is the required forum, and they expressly restrict the arbitrator's authority and jurisdiction to individual claims only. Combined, and consistent with *Viking River*, this means plaintiff's individual PAGA claim must be arbitrated. (See *Viking River, supra*, 596 U.S. at pp. 659-662 [individual and non-individual PAGA claims may be separated, with individual claim sent to arbitration if parties' agreement so specifies].)

Had the parties wanted to exempt PAGA claims from mandatory arbitration, they could have done so. Indeed, they included an exemption for other specified types of claims: "This agreement . . . does not apply to or cover claims for workers' compensation benefits or compensation, claims for unemployment compensation benefits, or claims based upon an employee pension or benefit plan the terms of which contain an arbitration or other non-judicial dispute resolution procedure . . . ." The parties chose not to do the same for PAGA claims, and we cannot rewrite their agreement

10

under the guise of contract interpretation. (Code Civ. Proc., § 1858; *Moreno v. Jessup Buena Vista Dairy* (1975) 50 Cal.App.3d 438, 446-447; *Moss Dev. Co. v. Geary* (1974) 41 Cal.App.3d 1, 9.)

Because the unambiguous contractual language demonstrates the parties agreed the individual PAGA claim would be resolved in arbitration, the trial court erred in denying defendants' motion to compel arbitration of that aspect of her claim.

As for plaintiff's non-individual PAGA claim, the parties took differing positions below as to what should be done with it if the individual claim was sent to arbitration. The trial court never reached the issue, and neither party takes a position on appeal regarding the non-individual claim. Thus, we find it more appropriate for the trial court to address such matter in the first instance if and when raised by one of the parties on remand.

## DISPOSITION

The order is reversed.  On remand, the trial court shall: vacate its order denying defendants' motion to compel; consider the parties arguments, if any, regarding plaintiff's non-individual PAGA claim; and, enter a new order granting defendants' motion to compel as to the individual portion of plaintiff's PAGA claim and handling the non-individual PAGA claim as it deems appropriate under the circumstances.  Defendants are entitled to costs on appeal.



DELANEY, J.

WE CONCUR:


GOETHALS, ACTING P. J.


GOODING, J.